1
2
3                          UNITED STATES DISTRICT COURT
4                                 DISTRICT OF NEVADA
5                                        * * *
6   JOHN MCNAIR,                              Case No. 3:21-cv-00155-MMD-WGC
7                          Plaintiff,                      ORDER
8         v.
    CHARLES DANIELS, *et al.*,
9
                           Defendants.
10
11        This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983

12  by Plaintiff John McNair, a former state prisoner. (ECF No. 1-1.) On September 16, 2021,

13  this Court issued an order directing McNair to file his updated address with this Court by

14  October 16, 2021. (ECF No. 3.) The deadline has now expired, and McNair has not filed

15  his updated address or otherwise responded to the Court's order.

16        District courts have the inherent power to control their dockets and "[i]n the

17  exercise of that power, they may impose sanctions including, where appropriate . . .

18  dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

19  (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure

20  to prosecute an action, failure to obey a court order, or failure to comply with local rules.

21  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for

22  noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

23  (affirming dismissal for failure to comply with an order requiring amendment of complaint);

24  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to

25  comply with local rule requiring *pro se* plaintiffs to keep court apprised of address);

26  *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for

27  failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.

28  1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

1       In determining whether to dismiss an action for lack of prosecution, failure to obey
2  a court order, or failure to comply with local rules, the Court must consider several factors:
3  (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to
4  manage its docket; (3) the risk of prejudice to Defendants; (4) the public policy favoring
5  disposition of cases on their merits; and (5) the availability of less drastic alternatives.
6  *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at
7  130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

8       Here, the Court finds that the first two factors, the public's interest in expeditiously
9  resolving this litigation and the Court's interest in managing the docket, weigh in favor of
10  dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of
11  dismissal, since a presumption of injury arises from the occurrence of unreasonable delay
12  in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air*
13  *West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring
14  disposition of cases on their merits—is greatly outweighed by the factors in favor of
15  dismissal discussed herein. Finally, a court's warning to a party that his failure to obey
16  the court's order will result in dismissal satisfies the "consideration of alternatives"
17  requirement. *See Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779
18  F.2d at 1424.

19       The Court's order requiring McNair to file his updated address with the Court within
20  thirty (30) days expressly stated: "It is further ordered that, if Plaintiff fails to timely comply
21  with this order, this case will be subject to dismissal without prejudice." (ECF No. 3 at 1.)
22  Thus, McNair had adequate warning that dismissal would result from his noncompliance
23  with the Court's order.

24       It is therefore ordered that this action is dismissed without prejudice based on
25  McNair's failure to file an updated address in compliance with this Court's September 16,
26  2021, order. (ECF No. 3.)

27       It is further ordered that McNair's application to proceed *in forma pauperis* (ECF
28  No. 1) is denied as moot.

The Clerk of Court is directed to close the case and enter judgment accordingly.

DATED THIS 28th Day of October 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE